COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-043-CR
  
  
BERT 
LEE DUNCAN                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
one issue, appellant Bert Lee Duncan complains about impermissible statements 
made during the prosecutor’s closing argument in appellant’s DWI 
trial.  When discussing appellant’s refusal to take a breath test, the 
prosecutor stated that appellant’s refusal “means you get to prove -- you 
get to presume --.“  Appellant objected “to the comment that there is a 
presumption.” The trial court sustained his objection and instructed the jury 
to disregard the statement but denied appellant’s motion for mistrial.  
The prosecutor then stated, “The law allows you to presume he’s 
guilty.”  Appellant’s counsel objected again, stating “I object. . . 
. The Court just sustained my objection to that.”  In arguing her 
position, the prosecutor clarified, “[T]he case law says . . . that they can 
use this as . . . evidence of his guilt.”  In sustaining appellant’s 
second objection, the trial court stated, “They [the jury] can consider it. 
I’m not sure about a presumption, so I’m going to sustain the presumption 
part.”  Appellant then moved for a mistrial, which the trial court 
denied.
        Appellant’s 
complaint is waived to the extent that he complains about the prosecutor’s 
second statement, that “[t]he law allows you to presume he’s guilty,” and 
the trial court’s statement that it was not sure about a presumption.  
Appellant did not ask for an instruction to disregard the prosecutor’s 
comment, nor did he object to the trial court’s statement.  See Tex. R. App. P. 33.1; Simpson v. 
State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003), cert. denied, 124 
S. Ct. 2837 (2004); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 
1996), cert. denied, 520 U.S. 1173 (1997); Cook v. State, 858 
S.W.2d 467, 473 (Tex. Crim. App. 1993); Barnes v. State, 70 S.W.3d 294, 
307-08 (Tex. App.—Fort Worth 2002, pet. ref’d).
        With 
respect to the first statement, generally, an instruction to disregard 
impermissible argument cures any prejudicial effect.  Wesbrook v. State, 
29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 
(2001); Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App.), cert. 
denied, 516 U.S. 832 (1995).  Here, Duncan fails to address the trial 
court’s instruction to disregard or why the instruction could not cure the 
alleged harm.  We therefore presume that the jury followed the instruction 
to disregard.  See Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. 
App.), cert. denied, 484 U.S. 905 (1987).
        Moreover, 
in the first part of its closing argument, the State correctly informed the jury 
that appellant was made aware of the fact that “refusal can be used as 
evidence in a prosecution for driving while intoxicated.”  And the trial 
court’s charge to the jury instructed it that “[a]ll persons are presumed to 
be innocent and no person may be convicted of an offense unless each element of 
the offense is proved beyond a reasonable doubt.”
        Accordingly, 
we overrule appellant’s sole issue and affirm the trial court’s judgment.
    
                                                                  SAM 
J. DAY
                                                                  JUSTICE
  
  
 
PANEL 
A:   CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment)
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.